UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

GARY E. HAWES,

                       Plaintiff,

v.

STATE OF NEVADA, *et al.*,

                       Defendants.

Case No. 3:23-cv-00357-ART-CLB

ORDER

On April 2, 2024, this Court entered its order under 28 U.S.C. § 1915A screening Plaintiff Gary Hawes' *pro se* civil rights complaint and allowing his First Amendment retaliation claim and Eighth Amendment medical indifference claim to proceed. (ECF No. 6 at 12–13.) In its screening order, the Court deferred ruling on Hawes' application to proceed *in forma pauperis* ("IFP") and motions for appointment of counsel. (*Id.* at 12.) Because the Court was inclined to appoint Hawes counsel for litigation purposes but not for participating in the Court's Inmate Early Mediation Program, it gave him until May 2, 2024, to file a written notice stating if he wants either to (1) participate without counsel in the Inmate Early Mediation Program or (2) be referred to the Pro Bono Counsel Program and proceed onto the normal litigation track. (*Id.* at 13.)

Hawes timely filed a notice stating that he wants to be referred to the Pro Bono Counsel Program and proceed onto the normal litigation track. (ECF No. 8.) For the reasons stated below, the Court grants Hawes' IFP application, grants in part his motions for appointment of counsel, and refers this action to the Court's Pro Bono Counsel Program.

I. **DISCUSSION**

    A. **Hawes' IFP application granted.**

Based on the financial information provided, the Court finds that Hawes is unable to prepay the full $350 filing fee in this action. (ECF No. 4.) The Court

1

thus grants Hawes' IFP application and allows him to proceed without paying an initial installment of the filing fee. But pauper status does not relieve Hawes of his obligation to pay the full $350 filing fee under 28 U.S.C. § 1915(b)(2); it just means that he can do it in installments. And the full $350 filing fee will remain due and owing even if this case is later dismissed or otherwise unsuccessful for Hawes.

### B. Hawes' motions for appointment of counsel are granted in part.

The Court finds that exceptional circumstances warranting the appointment of counsel exist here. *See Palmer v. Valdez,* 560 F.3d 965, 970 (9th Cir. 2009) (outlining legal standard). Hawes states colorable claims for relief and states that he suffers from mental illness. (ECF No. 1-2 at 3; ECF No. 5 at 1.) Having reviewed Hawes' filings in this action, the Court concludes that his ability to litigate his claims would be greatly enhanced by the assistance of counsel. The Court thus grants Hawes' motions for appointment of counsel in part as to only litigation purposes. The Court will attempt to find Hawes counsel. The Court will hold a status conference in approximately 60 days to address the matter of securing counsel for Hawes and proceeding with this action. And the Court will enter a separate order scheduling that conference.

## II. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Hawes' application to proceed in forma pauperis (ECF No. 4) is granted. Hawes is not required to pay an initial installment of the filing fee. And he is permitted to maintain this action to conclusion without prepaying any additional fees or costs or giving security for them.

2. To ensure that Hawes pays the full filing fee, the Nevada Department of Corrections will forward payments from the account of **GARY HAWES, #74360** to the Clerk of the United States District Court, District of Nevada, 20%

of the preceding month's deposits (in months that the account exceeds $10) until the full $350 filing fee has been paid for this action.

3. Hawes' motions for appointment of counsel (ECF Nos. 1-2, 5) are granted in part. This case is referred to the Pro Bono Counsel Program for the purpose of identifying counsel willing to be appointed as pro bono counsel for Hawes. The scope of appointment will be for all litigation purposes through the conclusion of trial. By referring this case to the Pro Bono Counsel Program, the Court is not expressing an opinion about the merits of Hawes' claims.

4. This action is excluded from the Court's Inmate Early Mediation Program and proceeds onto the normal litigation track.

5. This action is stayed for 60 days to allow the Court time to identify counsel willing to be appointed as pro bono counsel for Hawes. During this stay period and until the Court lifts the stay, no other pleadings or papers may be filed in this case, and the parties may not engage in any discovery, nor are the parties required to respond to any paper filed in violation of the stay unless specifically ordered by the court to do so.

6. A status conference is scheduled for July 15, 2024 at 11:00 a.m. before District Court Judge Anne R. Traum. This will be a video status conference. The Nevada Department of Corrections must make the necessary arrangements for Hawes to attend the status conference by video. The purpose of the conference is to address the matter of securing counsel for Hawes, if counsel has not been appointed within the 60-day stay period, and proceeding with this action, including determining whether the Court must order that service under Federal Rule of Civil Procedure 4 be perfect.

7. The Clerk of the Court is further directed to add the Nevada Department of Corrections to the docket as an Interested Party and electronically provide a copy of this order and copies of all items previously filed in this case

by regenerating the Notices of Electronic Filing on the Office of the Attorney General of the State of Nevada by adding the Attorney General of the State of Nevada to the Interested Party on the docket. This does not indicate acceptance of service.

8. The Clerk of the Court is further directed to send copies of this order to (1) the Pro Bono Liaison, (2) the Finance Division of the Clerk's Office, and (3) the Chief of Inmate Services for the Nevada Department of Corrections at formapauperis@doc.nv.gov.

Dated this 14th day of May 2024.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE